IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

HAROLD J. BLAKELY                                                                                   PLAINTIFF

VS.                                                                        CIVIL ACTION NO.  2:13cv72 KS-MTP

JACQUELINE "CHIP" EVANS, ET AL                                                        DEFENDANTS

ORDER

This cause is before the Court on Motion for Preliminary Injunction [8] filed by Harold J. Blakely, Plaintiff.  The hearing was specially set on this date by Order dated April 23, 2013 [15]. Specifically the Court required that personal notice be given to each of the defendants, who are the members of the Laurel Democratic Executive Committee, concerning the hearing.  All of the defendants were present in court and were represented by Honorable Deidra J. Bassi.

The Court heard evidence and received exhibits from Harold J. Blakely and also heard argument and received exhibits from the respondents.  The Court considered all of the evidence, the applicable law, arguments and presentations of counsel and the parties, and does hereby find as follows, to-wit:

That the evidence before the Court shows that Harold Blakely has been convicted of three felonies in the Circuit Court for the Second Judicial District of Jones County, in Case Nos. 4737, 4853 and 4977, and that none of the felonies have been expunged, nor has he been pardoned for same; and

That based on the felony convictions that the Laurel Democratic Executive Committee was required by applicable Mississippi statutes to decline the application of Plaintiff to run for

1

the office of Councilman of Ward 5; and

That Mr. Blakely was notified properly of the fact that the felony convictions put him at odds with applicable statutes, specifically §23-15-309 Miss. Code Ann. (2012) "if applicant (b) has been convicted of a felony as described in this subsection and not pardoned, then the name of such candidate shall not be placed upon the ballot...".

This Court further finds that Harold Blakely on three prior occasions in the Circuit Court of Jones County filed lawsuits stating the same basic allegations as set forth herein in Case No. 2005-207-cv10; Case No. 2009-20-cv 3; and in Case No. 2013-19-cv 3, and that he was told each time by the Circuit Court Judges in their orders that he was ineligible to hold public office in Mississippi because of his prior felony convictions; and

That none of the three decisions were appealed; and

That Mr. Blakely has continued, in spite of three separate adverse rulings by judges, and the Laurel Democratic Executive Committee ruling him ineligible to run for public office because of the convictions; and

That the allegations in this action are essentially the same as the prior three actions; and

That this action is barred by the doctrine of *res judicata*; and

That the Court finds that this action has been brought in bad faith; and

That Plaintiff was allowed to proceed *in forma pauperis* by Order [4] signed April 9, 2013, and pursuant to 28 U.S.C. §1915(e)(2),

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss* the case at any time if the court determines that -
    (A)    the allegation of poverty is untrue; or
    (B)    the action or appeal -
        (i)    is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be

granted . . . ."  (Emphasis added); and

This Court finds that it is required to dismiss the case because it is clearly frivolous and malicious and fails to state a claim upon which relief can be granted; and

That the Court finds that the Plaintiff has abused the benefits and rights granted by the court system and willfully and maliciously caused the defendants to incur attorney's fees, attend court and defend this litigation, despite the fact that the same requests have been denied three times previously by other courts, and the Court finds that pursuant to Rule 11 and the inherent power of this Court, that the Court has the authority to sanction the defendant for his willful, malicious, obstinate and baseless use of the court system, and the Court finds that the Plaintiff should be sanctioned in the amount of $5,000, to be paid to the defendants individually, who shall be responsible for paying their own attorney's fees; and

That said $5,000 includes any attorney's fees to which they would be entitled; and

That the Court finds that the remaining pending motions  [3], [14] and [16] are moot; and

That the Court finds that there is clearly no violation of the Voting Rights Act since the statutes complained of predated the Voting Rights Act or have been precleared, and that the Voting Rights Act claim should be dismissed with prejudice.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Complaint filed herein be and the same is hereby dismissed with prejudice.  Further, the Plaintiff, Harold J. Blakely, for his willful bringing of this frivolous and malicious litigation is ordered and directed to  pay to the defendants herein, Jacqueline "Chip" Evans, Jacqueline Darby, Belinda Lassiter, Barbara Brumfield-Pruitt, and Charlotte Gibbs-Williams, the sum of $5,000 as sanctions with said amount to include any attorneys' fees to which they would be entitled with said sum to be paid

by Harold J. Blakely to the defendants on or before June 15, 2013.  Additionally, Plaintiff is assessed with costs herein in the amount of $350, the original filing fee, and all costs for service of process.

SO ORDERED this the 30th day of April, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE