

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 13-60376
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 30, 2014

Lyle W. Cayce
Clerk

HAROLD J. BLAKELY,

Plaintiff-Appellant

v.

JACQUELINE "CHIP" EVANS; JACQUELINE DARBY; BELINDA LASSITER; BARBARA BRUMFIELD-PRUITT; CHARLOTTE GIBBS-WILLIAMS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:13-CV-72

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Harold J. Blakely moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's order dismissing his civil complaint as frivolous and malicious and imposing a $5,000 sanction against him. By moving for leave to proceed IFP in this court, Blakely is challenging the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's certification that his appeal would not be taken in good faith.  See *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997).

We review for an abuse of discretion the district court's decision to dismiss a complaint as malicious and as frivolous. See *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). The record supports the district court's finding that Blakely's complaint raised claims that were duplicative of claims he had raised unsuccessfully in at least three prior state cases. Accordingly, the complaint was duplicative, see *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993), and the district court thus did not abuse its broad discretion in dismissing the complaint as malicious. See *Ruiz*, 160 F.3d at 275. As Blakely concedes that he has two prior felony convictions in the state of Mississippi, the district court did not abuse its discretion in finding that he was ineligible to be placed on an election ballot and in dismissing his complaint as frivolous. See MISS. CODE ANN. § 23-15-309; *Brewster*, 587 F.3d at 767.

In addition, we review the imposition of sanctions for an abuse of discretion. *Ratliff v. Stewart*, 508 F.3d 225, 229 (5th Cir. 2007). The district court imposed the $5,000 sanction after finding that Blakely brought the instant complaint in bad faith. Blakely has challenged the sanction in his original brief and in a supplemental brief. Instead of addressing the district court's finding of bad faith, however, he conclusionally asserts that the district court judge imposed the sanction in retaliation for Blakely's request that the judge recuse himself. He also argues that there was no basis for an award of attorney's fees since the appellees' counsel never filed an appearance form or answered the complaint. The sanction order, however, simply ordered Blakely to pay $5,000 to the appellees and stated that each appellee would be responsible for his or her own attorney's fees. Blakely also asserts that

Mississippi law prohibits the municipal attorney for the City of Laurel from representing members of the Laurel Municipal Democratic Executive Committee. None of these arguments go to the district court's bad-faith determination or the propriety of the amount of the sanction imposed. Blakely thus has not shown that the district court erred in imposing a $5,000 sanction under its inherent power. *See Ratliff*, 508 F.3d at 229; *Goldin v. Bartholow*, 166 F.3d 710, 722-23 (5th Cir. 1999).

Blakely has failed to show that he intends to raise on appeal "legal points [that are] arguable on their merits," *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted), with respect to either the dismissal of his complaint or the imposition of the $5,000 sanction under the district court's inherent powers. Accordingly, Blakely's IFP motion is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.